UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 2:17-cr-20191-8

v.                                        Honorable Susan K. DeClercq
                                            United States District Judge

JUAN RAMIREZ,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE (ECF No. 649)

On July 27, 2021, Defendant Juan Ramirez began serving a 70-month sentence following a conviction of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances under 21 U.S.C. §§ 846 & 841(a)(1). ECF No. 542 at PageID.2166–67. After serving approximately 48 months for that conviction, Ramirez now requests a reduction in his sentence. ECF No. 649. Although Ramirez's motion is titled a "Motion to Reduce Sentence," Ramirez effectively seeks relief under 18 U.S.C. § 3582(c)(1)(A), which sets out the standards for compassionate release. His motion will thus be interpreted as such. As explained below, Ramirez's motion will be denied without prejudice.

To receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), either the Federal Bureau of Prisons or the defendant must file a motion explaining the need

for compassionate release according to the sentencing factors set out in 18 U.S.C. § 3553(a). However, a defendant may file for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is "a mandatory condition" that must be satisfied before a court can consider a motion for compassionate release. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Here, the Bureau of Prisons has not received any communication from Ramirez, nor has it received any record that he contacted the warden to request early release. ECF No. 661 at PageID.4403. Thus, Ramirez has not satisfied the "mandatory" exhaustion requirement set out by the statute, and he is currently ineligible for compassionate release. *Alam*, 960 F.3d at 832.

But even if Ramirez had exhausted all remedies as required by 18 U.S.C. § 3582(c)(1)(A), many of the arguments in his motion are directed at a separate assault conviction from 2018, *United States v. Ramirez*, No. 18-cr-20772 (E.D. Mich.).[1] ECF No. 649 at PageID.4208–10. Yet his motion seeks to reduce the

---

[1] For example, in his motion, Mr. Ramirez contends that the presentence report inaccurately classified his motivations for the assault, and thus he should not have received an upward variance for that conviction. Mr. Ramirez also argues that he was convicted under the wrong statute because he does not believe the assault

sentence imposed in *this* case. And the 2018 case that resulted in Ramirez's assault conviction is assigned to a different judge. So, the undersigned may not review the imposition of the sentence of a different judge. Regardless, Ramirez has not followed the procedural requirements of § 3582(c)(1)(A), and he is therefore ineligible for compassionate release until he has exhausted the remedies available to him with the Bureau of Prisons.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Release, ECF No. 649, is **DENIED WITHOUT PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 24, 2025

---

resulted in serious bodily injury to the victim. But neither argument addresses his sentence in *this* case.